UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6343-CR-ZLOCH/SELTZER

UNITED STATES OF AMERICA

        Plaintiff,

v.

TAMEKA JOHNSON,

        Defendant.
_____/

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case, states as follows:

    A. 1. The government is unaware of any written or recorded statements made by the defendant.

        2. That portion of the report containing the defendant's oral statements after arrest in response to interrogation by any person then known to be a government agent will be disclosed upon receipt by the undersigned.

        3. The defendant did not testify before the grand jury.

        4. The defendant does not have a criminal history.

        5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendants, may be inspected and copied by making an appointment with the undersigned. Some items are attached. An inventory of those items is attached.

6.  Laboratory analysis reports regarding the cocaine, "crack" cocaine and marijuana seized in connection with this case are attached.

B.  The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.  The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963) or <u>United States</u> v. <u>Agurs</u>, 427 U.S. 97 (1976).

D.  There have been no payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, other than the attached cooperation plea agreements, within the scope of <u>United States</u> v. <u>Giglio</u>, 405 U.S. 150 (1972) and <u>Napue</u> v. <u>Illinois</u>, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator or accomplice who will testify for the government at trial, should that situation arise.

F.  The defendant was identified in a photo spread or similar identification procedure.

G.  The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H.  Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

I.  The defendant is not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

J.  The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K.  The cocaine, "crack" cocaine and marijuana involved in this case is currently located at the Drug Enforcement Administration Southeast laboratory in Miami, Florida. The United

States will, upon request, deliver to a chemist selected by the defense, who is presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823, and 21 C.F.R. Section 101.22(8), a sufficient representative sample of any alleged controlled substance which is the subject of this indictment, to allow independent chemical analysis of such sample.

    L. There were no automobiles, vessels or aircraft used in the commission of the alleged offenses, which were seized by the government.

    M. Latent fingerprints have not been recovered in this case.

    N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

    O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
(954) 356-7306
(954) 356-7228 (facsimile)
Terrence.Thompson@justice.usdoj.gov

INVENTORY OF ATTACHED ITEMS

| | Pages |
|---|---|
| DEA 7 reports | 2 |
| Documents seized from Yvette Jenkins | 11 pages |
| Documents seized from Cadia Gritton | 57 pages |
| Indictment of Yvette Jenkins | 1 page |
| Judgment and Commitment of Yvette Jenkins | 8 pages |
| Plea Agreement of Yvette Jenkins | 6 pages |
| Proffer Letter of Yvette Jenkins | 3 pages |
| Information of Cadia Gritton (00-6288-CR-ROETTGER) | 1 page |
| Plea agreement of Cadia Gritton (00-604-CR-SEITZ) | 6 pages |
| Indictment of Cadia Gritton 00-604-CR-SEITZ) | 3 pages |
| DEA 7a reports | 5 pages |
| Photographic line up (N-5) | 1 page |
| Photographic line up (N-6) | 1 page |
| Photographic line up (N-7) | 1 page |
| Photographic line up (N-8) | 1 page |
| Photographic line up (N-9) | 1 page |
| Photographic line up (N-10) | 1 page |
| Photograph (N-11) | 1 page |
| Documents seized from person of Mosi Grant (N-12) | 7 pages |
| Defendant's rights advisement and waiver (N-13) | 1 page |
| Driver's license seized from Lindon Johnson (N-14) | 1 page |
| Assorted documents seized from Lindon Johnson (N-15) | 6 pages |
| Address book seized from Lindon Johnson (N-16) | 16 pages |
| Business card and phone card seized from Lindon Johnson | 1 page |

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served by this <u>5th</u> day of January, 2001, upon: Emmanuel Perez, Esquire, 2121 Ponce de Leon Blvd., Suite 9, Coral Gables, Florida 33134-5224.

                                                      /s/

                                      TERRENCE J. THOMPSON
                                      ASSISTANT UNITED STATES ATTORNEY