UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RECEIVED & FILED IN OPEN COURT
ON _6 - 22- 01_    AT
_Ft. Laud_    , FLA.
Clerk
U.S.... ....... District Court
Southern District of Florida

UNITED STATES OF AMERICA

Plaintiff,

CASE No.: 00-6343-CR-ZLOCH

vs.

TAMEKA JOHNSON,

Defendant.
_____/

## **FACTUAL OBJECTIONS TO THE PRESENTENCING INVESTIGATION**

The Defendant, by and through undersigned counsel, herein files this her objections

to factual findings in the P.S.I. and requests that the record accurately reflect the facts as

to Ms. Johnson's level of involvement based on the evidence introduced at trial and in

support thereof states as follows:

1. Paragraph thirteen (13) of the P.S.I. indicates that co-defendant Jenkins and

Tameka purchased cleaning items at a Walgreens, presumably to cover the "scent" of

drugs. However, this "fact' is based on an agents report which reflects post arrest

statements of Jenkins that incriminate Ms. Johnson. However, at trial neither the agent

nor Ms, Jenkins ever testified that this event actually occurred.

2. Paragraph seventeen (17) reflects that co-defendant Jenkins and Tameka Johnson

spoke about the money she would be making from the drug run and the time within

which she would see the money (two weeks). This is likewise based on an agents report

about post arrest statement made by Jenkins, which she later "clarified" in a subsequent

interview wherein she stated she did not remember if she actually spoke to Tameka Johnson about the subject. Ms. Jenkins testimony at trial was that she had "never" spoken to Ms. Johnson about the subject of drugs or drug money and therefore her earlier statement to D.E.A. was inaccurate.

3.  Paragraph fifteen (15) reflects that on at least one occasion Tameka Johnson was present when co-defendant Lindon Johnson was converting cocaine to crack cocaine. This factual statement is inaccurate and not consistent with the trial testimony wherein co-defendant Jenkins testified that although she had seen Tameka inside the house where she had previously seen drugs that she never saw Tameka Johnson at the house at a time when drugs were visible or otherwise getting processed in Ms. Johnson presence.

Wherefore, Defendant respectfully request that this Court grant this her objections to the factual finding of the P.S.I. as hereinabove detailed and whatever other relief this court deems just and reasonable.

I HEREBY CERTIFY that a true and correct copy was mailed and faxed to Edward L. Cooley, U.S. Probation Office, 299 E. Broward Blvd., Room 409 Ft. Lauderdale, FL 33301, (954) 769-5566 and to Dana O. Washington, Assistant U.S. Attorney, 500 East Broward Blvd., 7th Floor Ft. Lauderdale, FL 33301, (954) 356-7336, on this 21st day of June 2001.

EMMANUEL PEREZ, ESQUIRE
2121 Ponce De Leon Blvd.
Suite 920
Coral Gables, FL 33134
Phone (305) 442-7442
Fax (305) 441-9218